UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No.  4:10CV2279 TIA |
| CONCRETE CORING COMPANY of ST. LOUIS, INC., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Enforce Settlement Agreement (Docket No. 12).  Defendants filed a Response (Docket No. 15).  Plaintiffs filed a Reply (Docket No. 18) thereto.  All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiffs brought this instant action seeking delinquent contributions and liquidated damages pursuant to a collective bargaining agreement requiring monthly payments by Defendants.  The parties agreed on the language of the Consent Judgment and executed the Stipulation for Entry of Consent Judgment (Docket 14-1), but the parties agreed not to file the Consent Judgment with the Court. Plaintiffs requested that counsel for Defendants either physically sign the document and return the executed document or email a confirmation of the agreement.  (Schroder Aff. at ¶¶ 4-5). After not receiving the signed agreement and apprising counsel that a motion to enforce would be filed, Plaintiffs filed the instant Motion to Enforce Settlement Agreement.  (Schroder Aff. at ¶¶ 6-7).

A review of the record shows that the parties have never filed the Stipulation for Entry of Consent Judgment with the Court.  The Court concludes that it is without jurisdiction to entertain

the issues presented in the motion under Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375 (1994). The Kokkonen Court held that federal district courts do not have inherent power to enforce an agreement settling federal litigation. Id. at 378; see Miener v. Missouri Dep't of Mental Health, 62 F.3d 1126, 1127 (8th Cir. 1995). Jurisdiction to enforce a settlement agreement exists only if the parties' obligation to comply with the terms of the settlement agreement was made part of the order of dismissal (1) by a provision that the Court would retain jurisdiction over the settlement agreement; or (2) by incorporating the terms of the settlement agreement into the order. Miener, 62 F.3d at 1127 (citing Kokkonen, 511 U.S. at 381). "Absent action making the settlement agreement part of a dismissal order, 'enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.'" Id. (quoting Kokkonen, 511 U.S. at 382).

The Court concludes it is without jurisdiction to address the issues presented in Plaintiffs' motion inasmuch as there has been no order of dismissal either retaining jurisdiction over the action for purposes of enforcing the parties' agreement or incorporating the terms of the agreement. Accordingly, unless there is some independent basis for federal jurisdiction, Plaintiffs must bring any enforcement action, such as a petition for breach of contract, in state court. See Sheng v. Starkey Labs., Inc.53 F.3d 192, 195 (8th Cir. 1995). The Court finds that no independent basis for federal jurisdiction has been asserted, and such an assertion would appear to require the filing of a separate action for breach of contract. Based on the instant record, the Court concludes that it lacks jurisdiction to enforce the settlement agreement. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Enforce Settlement Agreement (Docket No. 12) is DENIED for lack of jurisdiction.

Dated this  2nd  day of December, 2011.

　　　　　　　　　　　　　　　　　　　　　　/s/Terry I. Adelman
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE  JUDGE